# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar Lee Sykes, Jr., | Case No. 25-cv-4562 (JRT/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| State of Minnesota, *Individual and Official Capacities*, | |
| Defendant. | |

This matter is before the Court on Defendant State of Minnesota's Motion to Dismiss Plaintiff's Complaint. (Docs. 3 (Motion), 5 (Memorandum).) Also before the Court is Plaintiff Oscar Lee Sykes, Jr.'s Motion to Strike. (Doc. 22.) This case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons explained below, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 3) be granted, and Plaintiff's Complaint (Doc. 1) be dismissed without prejudice. Additionally, the Court orders that Mr. Sykes's Motion to Strike (Doc. 22) be denied.

## BACKGROUND

On December 8, 2025, Oscar Lee Sykes, Jr., filed his pro se Complaint under 42 U.S.C. § 1983 against the State of Minnesota. (*See generally* Doc. 1.) Mr. Sykes's claims stem from his allegedly coerced participation in the "Good Lives" treatment group through the Minnesota Sex Offender Program ("MSOP") in St. Peter, Minnesota, where Mr. Sykes

1

is civilly committed. (*Id*. at 6.) Mr. Sykes brings claims under the Eighth Amendment of the United States Constitution, and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. (*Id*.) Construing his Complaint liberally, Mr. Sykes also brings state tort claims against the State for negligence, defamation, and intentional infliction of emotional distress. (*See id*. at 8.) For relief, Mr. Sykes requests that the Court issue declaratory judgment stating that Defendant State of Minnesota violated the United States Constitution; issue a finding of gross negligence and emotional distress against the State of Minnesota; grant Mr. Sykes $10 million in compensatory damages and $2.5 million in punitive damages; grant injunctive relief by ordering his removal from the Good Lives Treatment Group; and grant other such relief as this Court finds appropriate. (*Id*. at 8, 9.)

On January 20, 2026, the State of Minnesota moved to dismiss Mr. Sykes's Complaint. (Doc. 3.) The State argues that the Court should grant its Motion for three reasons which, from its perspective, each independently make dismissal appropriate. First, the State argues that the Eleventh Amendment bars Plaintiff's claims because it has not waived its immunity to § 1983 claims, nor to the underlying state law tort claims. As a result, according to the State, the Court lacks subject-matter jurisdiction over Plaintiff's claims and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate. Second, the State contends that because it is not a "person" under § 1983, Mr. Sykes has failed to state a viable claim, and his Complaint should be dismissed under Rule 12(b)(6). Finally, the State argues that Mr. Sykes claims fail on judicially-established facts.

In his Response in Opposition to Defendant's Motion, Mr. Sykes primarily contests the fact of his detention, sidestepping the State's arguments for dismissal. (*See generally*

Doc. 18.) He argues that his detention is unlawful because key witnesses in his trial committed perjury and because he has never been convicted of rape. (*Id*. at 1-3.) Generously construed, Mr. Sykes also appears to make a substantive due process argument that his treatment by the State impinges on his liberty interests. (*Id*. at 3, 4.) While Mr. Sykes does not directly address the State's immunity arguments, he does argue that he is still entitled to damages despite the State's assertion of immunity. (*Id*. at 4-5.) In its Response, the State describes Mr. Sykes's responsive arguments as meritless and reiterates the appropriateness of dismissal. (*See* Doc. 20.)[1]

### ANALYSIS

Federal Rule of Civil Procedure 8 requires that a civil complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may also challenge the sufficiency of a complaint in several ways under Rule 12. *See* Fed. R. Civ. P. 12. Two are relevant here.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction to decide an action or particular claims asserted in a complaint. *See* Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may either challenge the complaint's claim of jurisdiction on its face or attack the underlying factual basis for jurisdiction. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When considering a factual challenge, "the trial

---

[1] Also pending is Mr. Sykes's Motion to Strike, in which he asks the Court to strike "all litigation" from Defendant because the State and its attorneys are perpetuating the lies that Mr. Sykes contends are at the heart of his litigation. (Docs. 22-24.) The Court agrees with Defendant that there is no merit to Plaintiff's position (Doc. 26), and accordingly denies Mr. Sykes's motion to strike without further comment.

court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In addition, "no presumptive truthfulness attaches to the plaintiff's allegations." *Id.* (quoting *Mortensen*, 549 F.2d at 891).

Another of Rule 12's challenges, Rule 12(b)(6), requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1026 (D. Minn. 2015) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to Plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

The Court also notes that Mr. Sykes is acting *pro se* in this matter, meaning he is representing himself without help from a lawyer. When assessing the sufficiency of a

4

complaint by a *pro se* plaintiff, courts should apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, a *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). "[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court need not "divine the litigant's intent and create claims that are not clearly raised," nor "read or construct an argument into a civil-rights pleading." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (discussing *Nickens v. White*, 536 F.2d 802, 803-04 (8th Cir. 1976)). Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

## I.   DEFENDANT STATE OF MINNESOTA'S MOTION TO DISMISS SHOULD BE GRANTED.

### A.   The Eleventh Amendment immunizes the State from suit.

Because Mr. Sykes names the State as the only Defendant in this suit, his claims are wholly barred by the Eleventh Amendment. "The doctrine of sovereign immunity derives from the Eleventh Amendment and prohibits an individual from suing a state, regardless of the relief sought, unless the state consents to suit or Congress abrogates state immunity."

5

*Hussein v. Minnesota*, No. 19-cv-1913 (DSD/TNL), 2019 WL 5693733, at \*1 (D. Minn. Nov. 4, 2019), *aff'd*, No. 19-3454, 2020 WL 2465352 (8th Cir. Jan. 21, 2020). Minnesota has not consented to suit under § 1983, *see Hussein*, 2019 WL 5693733, at \*2 (collecting cases), nor has Congress abrogated the State's sovereign immunity when it enacted § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). And "[i]f sovereign immunity applies, it deprives courts of subject-matter jurisdiction." *Cunningham v. Kahler*, 171 F.4th 1115, 1118 (8th Cir. 2026). Here, sovereign immunity bars Mr. Sykes's claims against the State of Minnesota in any capacity and deprives the Court of subject matter jurisdiction.

To the extent that Mr. Sykes also brings state law claims for defamation, negligence and infliction of emotional distress, those too are barred by the Eleventh Amendment. Even though Minnesota has waived its immunity to certain tort claims in state court, it has not done so in federal court. *Thompson v. Minn. Dep't of Corr. St. Cloud Legal Mail*, No. 22-cv-0445, 2022 WL 2195331, at \*1 (D. Minn. June 17, 2022), *aff'd sub nom.*, 2022 WL 18602138 (8th Cir. Sept. 12, 2022). Therefore, Mr. Sykes's state law claims should also be dismissed.

One exception to Eleventh Amendment immunity is worth mentioning here. Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), suits that would otherwise be Eleventh Amendment-barred may proceed where a party sues "state officials in their official capacities for prospective injunctive relief." *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018); *see also Johnson v. Griffin*, 69 F.4th 506, 512 (8th Cir. 2023). Through his

6

Complaint, Mr. Sykes makes one narrow request for prospective injunctive relief: his removal from the Good Lives treatment program. (*See* Doc. 1 at 9.) Although a suit against a state official in their official capacity is equivalent to a suit against the State itself, *see Cunningham*, 171 F.4th at 1119, and although Mr. Sykes requests prospective injunctive relief, he has not actually named a state official acting in their official capacity. And, as discussed further below, Mr. Sykes cannot proceed in his suit against the State itself. As such, *Ex parte Young*'s exception is inapplicable here. Accordingly, to the extent Mr. Sykes seeks prospective injunctive relief, that request must also be denied.

**B.      The State of Minnesota is not a person liable to suit under § 1983.**

Section 1983 provides a way for federal courts to hear complaints about deprivations of civil liberties, but not for claims alleging that a state has caused the deprivation of those rights. *Will*, 491 U.S. at 66. The statute's language imposes liability only on "persons." *See* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute . . . of any State . . . , subjects . . . any citizen . . . or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable . . . .") (emphasis added). But § 1983 does not authorize suits against states, because states are not "persons" as contemplated by the statute. *Will*, 491 U.S. at 65 ("[A] State is not a person within the meaning of § 1983."); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) ("[A] section 1983 suit cannot be brought against the State").

Here, Mr. Sykes has named only one Defendant: the State of Minnesota. But the State of Minnesota is not a "person" as contemplated by § 1983. *See Will*, 491 U.S. at 64. As a result, Mr. Sykes's § 1983 claims against the State of Minnesota in its individual and

official capacities cannot survive. The Court concludes, on this basis, that Mr. Sykes's Complaint should be dismissed pursuant to Rule 12(b)(6) because the Defendant is not a "person" who can be liable under § 1983 in any capacity, and so Mr. Sykes fails to state a plausible claim.

\* \* \*

Because Mr. Sykes fails to state any claims over which this Court has jurisdiction, and also fails state any viable claim against Defendant under § 1983, the Court concludes that dismissal of his Complaint is appropriate.[2] For these reasons, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 3) be granted, and Plaintiff's Complaint (Doc. 1) be dismissed without prejudice.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. Defendant State of Minnesota's Motion to Dismiss the Complaint (Doc. 3) be **GRANTED**; and

2. Plaintiff Oscar Lee Sykes, Jr.'s Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE.**

## ORDER

Accordingly, based on all the files, records, and proceedings in this case, **IT IS ORDERED** that:

---

[2] Because Defendant's first two arguments are dispositive, the Court declines to consider the parties' additional arguments on the merits of judicially-established facts.

8

1.   Plaintiff Oscar Lee Sykes, Jr.'s Motion to Strike, for Sanctions (Doc. 22) is **DENIED.**

DATED:  June 23, 2026

 _s/Douglas L. Micko_
DOUGLAS  L. MICKO
United States Magistrate Judge